UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA  DIVISION

| | |
|---|---|
| JELD-WEN, INC. | CIVIL ACTION NO. 13-3172 |
| VERSUS | U.S. DISTRICT JUDGE DEE D. DRELL |
| LAIDIG SYSTEMS, INC., et al | U.S. MAGISTRATE JUDGE JAMES D. KIRK |

**REPORT AND RECOMMENDATION**

Before the court is a Rule 12(b)(2) motion to dismiss filed by defendant, T. R. Worline and Associates, Inc., **Doc. #99,** referred to me by the district judge for Report and Recommendation. The motion seeks dismissal based on lack of personal jurisdiction over the defendant, an Ohio corporation.

**Background**

Plaintiff, Jeld-Wen, Inc. (Jeld-Wen) alleges that it owns property in Winn Parish Louisiana on which it planned to build a wood fiber door facings manufacturing plant. Jeld-Wen and defendant Laidig Systems, Inc. (Laidig) entered into a contract for Laidig to design and build four concrete storage silos on the property. It alleges that the design and construction of the silos was defective, as were attempts to repair them. Named as defendants, in addition to Laidig, are Gateway Tank, Inc. (Gateway) , T. R. Worline & Associates, Inc. (T. R. Worline), Worline & Assocciates, Inc. (Worline Assc's.) and JDI Group, Inc. (JDI). Complete diversity exists. Laidig is alleged to have entered into subcontracts with Gateway and with T. R. Worline, and Worline Assc's. and JDI as successors to T. R. Worline for design and engineering services.  After a four year construction period, upon

1

completion, plaintiff noticed that the silos were cracked. Attempts to repair the silos by defendants is alleged to have caused further damage.    Mover, T. R. Worline, argues that it was hired by Gateway, who was in turn hired by Laidig, to design and provide engineering services. It suggests that its contacts with Louisiana are not sufficient to require it to defend the suit in a Louisiana court.

## Law and Analysis

The plaintiff carries the burden of making a *prima facie* showing that the defendants have meaningful contacts with the forum state.  Luv N' Care, Ltd. v. Insta-Mix, Inc., 438 F.3d 564, 469 (5th Cir. 2006), quoting Wyatt v. Kaplan, 686 F.3d 276, 280 (5th Cir. 1982).  The court may consider the entire record, but plaintiff's allegations in the complaint must be taken as true unless controverted by affidavit.  Where conflicts exist, resolution must be made in favor of the plaintiff.  See Revell v. Lidov, 317 F.3d 467, 469 (5th Cir.2002), quoting Alpine View Co., Ltd. v. Atlas Copco AB, 205 F3d 208, 215 (5th Cir. 2000).

Federal courts in Louisiana may exercise jurisdiction over a non-resident defendant only to the extent allowed by Louisiana's Long Arm statute and as consistent with due process.  Stripling v. Jordan Production Co., LLC, 234 Fed. 3d 863 (5th C. 2000).  Louisiana's long arm statute extends jurisdiction to the constitutional limits of due process.  La. R.S. 13:3201(B).[1]  Burstein v. State Bar

---

[1] Louisiana's long arm statute provides:

"§3201. Personal jurisdiction over nonresidents
A.    A court may exercise personal jurisdiction over a nonresident, who acts directly or by an agent, as to a cause of action arising from any one of the following activities performed by the nonresident:
(1) Transacting any business in this state.
(2) Contracting to supply services or things in this   State.
(3) Causing injury or damage by an offense or quasi

of California, 693 Fed.2d 511 (5th C. 1982).  Jurisdiction consistent with due process exists where the defendant has purposely availed himself of the benefits and protections of the forum state by establishing "minimum contacts" with the forum state, and the exercise of jurisdiction over that defendant does not offend "traditional notions of fair play and substantial justice." Mink v. AAAA Development LLC, 190 Fed. 3d 333, 336 (5th C. 1999) (quoting International Shoe., supra).

As the Fifth Circuit explained in Luv n' Care, Ltd. v. Insta-Mix, Inc., 438 F.3d 465 (5th C. 2006), the Due Process Clause of the Fourteenth Amendment guarantees that no federal court may assume jurisdiction in personam of a non-resident defendant unless the defendant has meaningful "contacts, ties, or relations" with the forum state. Int'l Shoe Co. v. Washington, 326 U.S. 310, 319, 66 S.Ct. 154, 90 L.Ed. 95 (1945). Jurisdiction may be general or specific. Where a defendant has "continuous and systematic general business contacts" with the forum state,  Helicopteros

---

        offense committed through an act or omission in this State.
(4) Causing injury or damage in this state by an offense   or quasi offense committed  through an act or omission  outside of this state if he regularly does or solicits business, or engages in any other persistent course of  conduct, or derives revenue  from goods used or  consumed or services rendered in this state.
(5) Having an interest in, using or possessing a real   right on immovable property in  this state.
(6) Non-support.
(7) Parentage.
(8) Manufacturing of a product or component thereof which  caused damage or injury  in this state.

B.    In addition to the provisions of Subsection A, a court of  this state may exercise  personal jurisdiction over a  nonresident on any basis consistent with the constitution of this state and of the constitution of the United  States."

3

Nacionales de Colombia, S.A. v. Hall, 415, 104 S.Ct. 1868, (1984), the court may exercise "general" jurisdiction over any action brought against that defendant. Id. at 414, 104 S.Ct. 1868 n. 9.FN2 Where contacts are less pervasive, the court may still exercise "specific" jurisdiction "in a suit arising out of or related to the defendant's contacts with the forum." Id. at 414, 104 S.Ct. 1868 n. 8.

Minimum contacts may be established either through contacts sufficient to assert specific jurisdiction or contact to assert general jurisdiction. Alpine View Co. Ltd. v. Atlas Coco AB, 205 Fed. 3d 208, 214 (5th C. 2000). Only where a non-resident defendant has "purposely directed its activities at the forum state and the litigation results from alleged injuries that arise out of or relate to those activities" are the defendants' contacts sufficient to support the exercise of specific jurisdiction over that defendant. Burger King v. Rudzewicz, 105 S. Ct. 2174 (1985). Stated differently, specific jurisdiction exists where a defendant 'purposely avails itself of the privileges of conducting activities within the forum state, thus invoking the benefits of its laws." Dickson Marine, Inc. v. Panalpina, Inc. 179 Fed. 3d 331 (5th C. 1999).

In this case, plaintiffs have not attempted to show, by affidavit or otherwise, any history of continuous and systematic contacts between the non-resident defendants and Louisiana. I find that there are not continuous, systematic contacts sufficient to invoke general personal jurisdiction over defendant in Louisiana.

In regard to specific jurisdiction, the Fifth Circuit has adopted a three part test: 1) whether the defendant purposefully directed its activities toward the forum state or purposefully availed[2]

---

[2] The "purposeful availment" requirement of the minimum contacts inquiry "ensures that a defendant will not be haled into a jurisdiction solely as a result of 'random,' 'fortuitous,' or 'attenuated' contacts . . . or of the 'unilateral activity of another party or a third person.' See

itself of the privileges of conducting activities there, 2) whether the plaintiff's cause of action arises out of or results from the defendant's forum-related contacts, and 3) whether the exercise of personal jurisdiction is fair and reasonable. Nuovo Pignone v. Storman Asia M/V, 310 F.3d 374 (5th C. 2002) In order to be held to have purposefully availed itself of the privilege of conducting business, the defendant's conduct must show that it "reasonably anticipates being haled into court" in Louisiana. World Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 297 (1980); Luv N' Care, Ltd. v. Insta-Mix, Inc. et al, 438 F.3d 465 (5th C. 2006).

      T. R. Worline argues that it was hired by Gateway, an Ohio corporation to provide design and engineering services to Gateway for the purpose of Gateway's contract with Laidig and that it did not build the silos in Louisiana. Defendant asserts that it "did not direct its services at the forum state".

      Contrary to mover's argument, the design package reflects defendant's knowledge that the project was specifically for silos to be built in Louisiana. See Exhibit A attached to doc. #99. Page 2 of the exhibit shows that the "Louisiana or international code" was to be used for the design. The name "Louisiana" appears on every single page of the package for all four silos. T. R. Worline unquestionably directed its professional activities to Louisiana for the project for which it was sued. The cause of action also arises from those activities. Therefore, the burden shifts to the defendant to show that the exercise of jurisdiction under these facts is not fair and reasonable considering the

---

Burger King v. Rudzewicz, 471 U. S. 462, 474 (1985) (citing International Shoe Co. v. Washington, 326 U. S. 310, 316 (1945). As the court in Revell v. Lidov, 317 F.3d 467 (5th C. 2002), noted, "even repeated contacts with forum residents by a foreign defendant may not constitute the requisite substantial, continuous and systematic contacts required for a finding of general jurisdiction–in other words, while it may be doing business *with* [Louisiana], it is not doing business *in* [Louisiana]." (Texas in original).

five factors suggested in Seiforth v. Helicopteros Atuneros, Inc., 472 F.3d 276 (5th C. 2006). This, defendant has failed to do or to even attempt to do.

Therefore, I find that the Nuovo Pignone test is met and specific jurisdiction exists.

For the foregoing reasons, because this court has specific personal jurisdiction over the defendant, IT IS RECOMMENDED, that defendant's Motion to Dismiss be DENIED.

## OBJECTIONS

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed.R.Civ.P. 72(b), the parties have fourteen (14) calendar days from service of this Report and Recommendation to file specific, written objections with the clerk of court. . A party may respond to another party's objections within **fourteen (14) days** after being served with a copy thereof. No other briefs (such as supplemental objections, reply briefs etc.) may be filed. Providing a courtesy copy of the objection to the magistrate judge is neither required nor encouraged. Timely objections will be considered by the district judge before making a final ruling.

**FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) CALENDAR DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT UPON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UN-OBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

THUS DONE AND SIGNED in chambers, in Alexandria, Louisiana, on this the 7th day of May 2014.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE